UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| NORMAL PARM Jr., et al | CIVIL ACTION 3-01-2624 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| MARK W. SHUMATE, IN HIS OFFICIAL CAPACITY AS SHERIFF OF EAST CARROLL PARISH | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Before the court is a motion by Walker Lands, Inc. (Walker) for leave to participate in pending motions for summary judgment as amicus curiae [Doc. # 84]. In the motion Walker, who was allowed to file a brief amicus curiae in connection with motions #5 and 11, seeks permission to "file pleadings as may be appropriate" with respect to the district judge's action on Report and Recommendation, Doc. #82. Walker also seeks permission to file an appeal[1] of my order of April 21st striking the exhibits attached to Walker's amicus brief as not allowed.

The motion is granted in part and denied in part.

Walker was permitted to file only a brief to assist the court with respect to the undersigned's consideration of motions for summary judgment 5 and 11. Despite Walker's counsel suggesting at a hearing on the motions[2] that Walker might seek leave to intervene or file an amicus brief, only amicus status was sought by Walker. Walker now seeks to participate with

---

[1] Erroneously termed "objection" by Walker in its memorandum and proposed order.

[2] Although at that time Walker had not been granted any status in the case, its attorney, who appeared in the "audience" at the hearing was allowed to address the court.

regard to the district judge's consideration of my Report and Recommendation.

Because Walker appears only amicus curiae, it has no standing in this case and it may not raise issues or file an appeal of an order such as the order to strike evidence it attempted to file in connection with the motions for summary judgment.[3] See Resident Council of Allen parkway v. United States, 980 F.2d 1043 (5th Cir. 1993); Exxon Corp. v. Board of Education, 849 FSupp. 479 (S.D. Miss. 1994). See also United States v. Hooker Chemicals & Plastics, Corp., 749 F.2d 968 (2nd Cir. 1984); Manago v. Rosario, 91 Fed. Appx. 9 (9th Cir. 2004). "The bright line between an amicus and a named party centers around control of the litigation. The named parties should always remain in control, with the amicus merely responding to the issues presented by the parties. An amicus cannot initiate, create, extend, or enlarge issues. Further, an amicus has no right to appeal or dismiss issues." Wyatt v. Hanan, 868 F.Supp. 1356 (M.D. Alabama, 1994). A person appearing amicus curiae does not have party status and does not have all the rights of a party, including the right of full participation in the proceedings as well as the right of appeal or further participation in the proceedings. United States v. Microsoft Corporation, 1995 WL 121107 (D.D.C., 1995); Waste Management of Pennsylvania v. City of York, 162 F. R. D. 34 (M.D. Penn, 1995).

For these reasons, IT IS ORDERED that Walker is allowed to file an amicus brief, within the page limits set by local rules, regarding any objections to the Report and Recommendation which are filed by the parties to this suit; however, because it is not a party to this suit, it will not be permitted to file an Objection itself and will be limited to briefing only those issues raised by the parties pursuant to their Objections. Further Walker may not submit evidence and may not attach documents to its amicus brief. Walker's sole status in this proceeding is to assist the court

---

[3] Summary judgment evidence may not be submitted by a non-party.

with regard to the issues raised by the parties to the suit based on the evidence submitted by them in the suit. To permit further participation would be, in effect, to grant Walker intervenor status, which will not be done at this late stage in this proceeding which has been pending since 2001.

IT IS FURTHER ORDERED that Walker's motion for leave to appeal the Order Striking its exhibits is DENIED.

Alexandria, Louisiana, May 1, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE