**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **NORMAL PARM, JR., ET AL** | **CIVIL ACTION NO. 01-2624** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MARK W. SHUMATE** | **MAG. JUDGE JAMES D. KIRK** |

**RULING**

Pending before the Court are a motion for partial summary judgment [Doc. No. 5] filed by the Plaintiffs[1] and cross-motion for summary judgment or in the alternative motion for abstention [Doc. No. 11] filed by Defendant Sheriff Mark W. Shumate of East Carroll Parish ("Sheriff Shumate").

On April 21, 2006, Magistrate Judge James D. Kirk issued a Second Report and Recommendation [Doc. No. 82] recommending that the Plaintiffs' motion for partial summary judgment be granted in part and denied in part. Magistrate Judge Kirk also recommended that Sheriff Shumate's cross-motion for summary judgment be denied.[2]

On May 5, 2006, the Plaintiffs filed an objection [Doc. No. 91] to the Second Report and Recommendation. On May 11, 2006, Sheriff Shumate also filed an objection [Doc. No. 95]. Both parties filed responses to each other's objections [Doc. Nos. 99 and 100].

On May 30, 2006, Walker Cottonwood Farms, LLC ("Walker Cottonwood Farms"),

---

[1]The Plaintiffs in this matter include Normal Parm, Jr., Harold Eugene Watts, Roy Michael Gammill, William T. Rogers, and Robert Allen Balch.

[2]Magistrate Judge Kirk recommended in his First Report and Recommendation [Doc. No. 22] that Defendant's cross-motion for summary judgment should be granted to the extent that the case should be abstained pending resolution of the state court proceedings.

successor in title to Walker Lands, Inc. ("Walker Lands"), filed an amicus curiae brief [Doc. No. 102] in support of Sheriff Shumate's objections to the Second Report and Recommendation.

On June 28, 2006, an amicus curiae brief [Doc. No. 116] was filed by numerous fishing organizations in support of the Plaintiffs' objections to the report.[3]

On July 27, 2006, an amicus curiae brief [Doc. No. 134] was filed by the Edward Wisner Donation in support of Sheriff Shumate's objections to the report.

For the following reasons, the Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation.

## I.     FACTS AND PROCEDURAL HISTORY[4]

The Plaintiffs bring this instant action against Sheriff Shumate seeking a declaratory judgment, injunctive relief, and damages under 42 U.S.C. § 1983 and Louisiana state law. The Plaintiffs sued Sheriff Shumate in his official capacity claiming that they were arrested without probable cause for fishing and hunting on waters of the Mississippi River, which covered Walker

---

[3]These organizations include the Louisiana Crawfish Producers Association, Arkansas State Bass Federation, Big Sun Bass Masters of Bellview Florida, Maple Bassmasters of Florida, Blackhawk Bassmasters of Illinois, Bardstown Bassmasters of Kentucky, Kentucky State Bass Federation, Louisiana State Bass Federation, Louisiana Wildlife Federation, Rowa of Louisiana, Minnesota State Bass Federation, River Rats Bassmasters of Minnesota, Mississippi Bass Federation Nation, Western Main Anglers, Yankee Bassers Bass Club of Maine, and the Pennsylvania Bass Federation, Inc.

[4]Magistrate Judge Kirk has already succinctly characterized the facts and procedural history of this case in his Second Report and Recommendation. The Court will incorporate portions of Magistrate Judge Kirk's factual background and procedural history in this Ruling.

Cottonwood Farms'[5] property during periodic flooding.[6]

On August 22, 2002, Magistrate Judge Kirk issued his first Report and Recommendation [Doc. No. 22] recommending that this case be stayed pending the outcome of state court litigation in *Walker Lands, Inc. v. East Carroll Parish Police Jury*, 38,367-CA (La. App. 2 Cir. 4/14/04); 871 So.2d 1258 ("*Walker Lands*"). On October 29, 2002, this Court adopted Magistrate Judge Kirk's Report and Recommendation and stayed the case. [Doc. No. 27]. On July 9, 2003, the United States Court of Appeals for the Fifth Circuit affirmed this Court's decision to stay the case. [Doc. No. 32].

### A. State Court Decision

In the *Walker Lands'* case, Walker Lands originally filed suit against the East Carroll Parish Police Jury to enjoin all public use of Gassoway Lake and a drainage ditch that runs from the southern end of Gassoway Lake to Bunch's Cutoff, a large body of water that connects with the Mississippi River. The State of Louisiana ("the State") was added as an indispensable party. The State answered, claiming ownership or, alternatively, a servitude on the disputed lands.[7] Walker Lands also claimed ownership of the disputed lands.

On appeal, the Louisiana Second Circuit Court of Appeal ("Second Circuit") affirmed the trial court's findings that Gassoway Lake was formed when the Mississippi River first moved

---

[5]Walker Cottonwood Farms is successor in title to Walker Lands' property. However, the record is unclear as to when Walker Cottonwood Farms obtained title to Walker Lands' property.

[6]For purposes of this Ruling, Walker Cottonwood Farms' property includes Gassoway Lake, "the drainage ditch," Little Gassoway Lake, Doe Lake, and Bunch's Cutoff (to the extent it lies within the State of Louisiana).

[7]The East Carroll Parish Police Jury was later dismissed from the lawsuit.

westward in the 1860's and 1870's and then slowly moved back eastward forming Gassoway Lake in a shallow swale by 1894. *Walker Lands*, 871 So.2d at 1261-62. The court also concluded that, presently, the Mississippi River's ordinary low water mark is 77 feet and its ordinary high water mark is 112 feet at the area in question.[8] *Id*. at 1262. In addition, the court found that Gassoway Lake and surrounding property "only receives water when the Mississippi River floods, which causes water to run through the ditch and eventually [spill] over into the lake." *Id*.

The Second Circuit did not accept the State's argument that Gassoway Lake and the drainage ditch are navigable. The Second Circuit concluded that Gassoway Lake and the surrounding land are located approximately three and a half miles west of the Mississippi River, the property remains "completely dry for most of the year, making it unusable," and the property serves no useful commercial purpose. *Id*. at 1265-66. Ultimately, the Second Circuit held that Walker Lands owns Gassoway Lake, the drainage ditch, and other surrounding lands adjacent to the Mississippi River because the property is not "navigable in fact; and, thus, not navigable in law." *Id*. at 1262.[9]

**B. Second Report and Recommendation**

Following the Second Circuit's decision, this Court re-opened these proceedings. In the Plaintiffs' motion for partial summary judgment, they argue that Sheriff Shumate lacks probable

---

[8]Magistrate Judge Kirk noted that Gassoway Lake's normal elevation is approximately 95 feet. [Doc. No. 82, p. 7].

[9]The state court decision in *Walker Lands* became final after the Louisiana State Supreme Court denied writ on June 3, 2005, and a motion for rehearing on November 28, 2005. *See Walker Lands, Inc. v. East Carroll Parish Police Jury*, 903 So.2d 442 (La. 2005) and *Walker Lands, Inc. v. East Carroll Parish Police Jury*, 916 So.2d 127 (La. 2005).

4

cause to arrest them for trespass under La. Rev. Stat. § 14:63 while they are on the waters of the Mississippi River when those waters cover Walker Cottonwood Farms' property. The Plaintiffs also seek a declaration that Sheriff Shumate lacks sufficient evidence to support a verdict of guilty beyond a reasonable doubt that the Plaintiffs are guilty of trespass. Additionally, the Plaintiffs seek a permanent injunction against Sheriff Shumate, enjoining him from arresting the Plaintiffs and other persons for trespass on the lands of Walker Cottonwood Farms when the waters of the river cover that property. In Sheriff Shumate's cross-motion for summary judgment, he asks that the Plaintiffs' claims be dismissed and asserts the defense of qualified immunity.

In the Second Report and Recommendation, Magistrate Judge Kirk found that the Plaintiffs have both a federal common law right and a state law right to fish and hunt on the Mississippi River between the ordinary high and low water mark regardless of the status of the ownership of the property located below the waters.[10]

Applying federal law, Magistrate Judge Kirk first found that neither 33 U.S.C. § 10 nor the federal navigational servitude provides the Plaintiffs with the right to fish and hunt on the Mississippi River. However, Magistrate Judge Kirk did find that the Plaintiffs have a federal common law right of navigation "which includes the right to reasonably use the Mississippi's waters for the purposes, among other things, of navigation including travel and transportation, commerce, boating, sailing, and fishing and hunting from boats," up to the ordinary high water mark, regardless of who owns the land beneath the waters. [Doc. No. 82, p. 14].

---

[10]Federal law defines high water mark differently than state law. *See* 33 C.F.R. § 329.11. The different definitions, however, do not substantively change the Court's analysis.

Applying state law, Magistrate Judge Kirk also found that the Plaintiffs have a right to fish and hunt on the Mississippi River up to the ordinary high water mark, when the waters cover privately owned banks of the Mississippi River.

Based on these conclusions, Magistrate Judge Kirk then determined that Sheriff Shumate did not have probable cause to arrest the Plaintiffs under La. Rev. Stat. 14:63 for trespass on Walker Cottonwood Farms' property when it is covered by the Mississippi River between the ordinary high and low water mark.

## II.     LAW AND ANALYSIS

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within ten days of service. 28 U.S.C. § 636(b)(1). In the present case, both parties timely filed objections [Doc. Nos. 91 and 95] to the Magistrate Judge's Report and Recommendation, thus warranting *de novo* review by the Court.

First, for the reasons stated in Magistrate Judge Kirk's Second Report and Recommendation, the Court ADOPTS his recommendation to the extent that 33 U.S.C. § 10 and the federal navigational servitude do not provide the Plaintiffs with the right to fish and hunt on the Mississippi River. However, for the reasons discussed below, the Court DECLINES TO ADOPT Magistrate Judge Kirk's recommendation that the Plaintiffs have a federal common law right to fish and hunt on the Mississippi River, up to the high water mark, when it floods privately owned land.

Second, the Court also ADOPTS Magistrate Judge Kirk's recommendation to the extent that Walker Cottonwood Farms' property is a bank of the Mississippi River and subject to public use up to the ordinary high water mark, as defined by Louisiana law. However, for the reasons

discussed below, the Court DECLINES TO ADOPT his recommendation to the extent that he found the Plaintiffs have a right to fish and hunt on the Mississippi River up to the ordinary high water mark when it periodically floods Walker Cottonwood Farms' property.

Third, the Court ADOPTS Magistrate Judge Kirk's recommendation to the extent that Sheriff Shumate is not entitled to qualified immunity. However, for the reasons discussed below, the Court DECLINES TO ADOPT Magistrate Judge Kirk's recommendation to the extent that Sheriff Shumate did not have probable cause to arrest the Plaintiffs under La. Rev. Stat. § 14:63 for trespass on Walker Cottonwood Farms' property when it is covered by the Mississippi River.

The Court also ADOPTS Magistrate Judge Kirk's recommendation to the extent that the Plaintiffs are not entitled to an injunction against Sheriff Shumate enjoining him from enforcing Louisiana trespass laws.

### A. Federal Common Law Right

Magistrate Judge Kirk found that a common law right of navigation exists on the Mississippi River, and that this right of navigation includes the right to fish and hunt up to the high water mark.

In support of this conclusion, Magistrate Judge Kirk cited *Silver Springs Paradise Co. v. Ray,* 50 F.2d 356 (5th Cir. 1931), for the general proposition that the public right of navigation "entitles the public generally to the reasonable use of navigable waters for all legitimate purposes of travel or transportation, for boating or sailing for pleasure, as well as for carrying persons or property for hire, and in any kind of water craft the use of which is consistent with others also enjoying the right possessed in common." *Id*. at 359.

The Court disagrees with Magistrate Judge Kirk's finding. Although the Fifth Circuit

7

stated in *Silver Springs* that the public has a right to reasonably use navigable waters for "legitimate purposes of travel or transportation, for boating or sailing for pleasure, as well as carrying persons or property for hire," the Fifth Circuit did not specifically find that the public has a federal common law right to fish or hunt on a navigable source of water. Therefore, the Court declines to interpret the Fifth Circuit's decision so broadly as to find that the Plaintiffs have a federal common law right to fish or hunt on a navigable water, such as the Mississippi River, when those waters periodically flood privately owned lands.

**B.     State Law Right**

In Louisiana, "[t]he banks of navigable rivers or streams are private things that are subject to public use." La. Civ. Code art. 456. "The bank of a navigable river or stream is the land lying between the ordinary low and the ordinary high stage of the water . . . ." *Id*.

Because Walker Cottonwood Farms' property is located between the ordinary high and low water mark established by the Second Circuit, Magistrate Judge Kirk found that it is a bank of the Mississippi River and subject to public use. Magistrate Judge Kirk stated that, "the right to use the river's waters includes the right to use the entirety of the waters, regardless [sic] the river's level or stage or how much of its bank it covers," up to the high water mark. [Doc. No. 82, pp. 20-21].

The Court agrees with Magistrate Judge Kirk's finding to the extent that Walker Cottonwood Farms' privately owned property is subject to public use because it is a bank of the Mississippi River. Such public use, however, is limited to activities that are incidental to the navigable character of the Mississippi River and its enjoyment as an avenue of commerce. The Court finds that fishing and hunting are not included in these rights.

Comment (b) to La. Civ. Code art. 456 states, in pertinent part:

(b) Article 455(1) of the Louisiana Civil Code of 1870 declares that "everyone has a right freely to bring his vessels to land there, to make fast the same to the trees which are there planted, to unload his vessels, to deposit his goods, to dry his nets, and the like". According to well-settled Louisiana jurisprudence, which continues to be relevant, the servitude of public use under this provision is not "for the use of the public at large for all purposes" but merely for purposes that are "incidental" to the navigable character of the stream and its enjoyment as an avenue of commerce.

The Second Circuit and other Louisiana courts have interpreted La. Civ. Code art. 456 to exclude fishing and hunting from the type of public use permitted on flooded private property because these activities do not "meet the definition of using the bank of a river at its high water mark for a navigational purpose." *See Walker Lands*, 871 So.2d at 1268 n.16 (citing *State v. Barras*, 615 So.2d 285 (La. 1993) and *Warner v. Clarke*, 232 So.2d 99 (La. App. 2d Cir. 1970)); *see also Buckskin Hunting Club v. Bayard*, 03-1428 (La. App. 3 Cir. 3/3/04); 868 So.2d 266, 273 (using the banks along navigable rivers is "limited to navigation and not hunting."); *Edmiston v. Wood*, 566 So.2d 673, 675-76 (La. App. 2d Cir. 1990) (fishing and hunting in a boat over flooded private property are not incidental to navigable character of the stream and its enjoyment as an avenue of commerce).

Therefore, this Court concludes that the Plaintiffs' activities, to the extent they include fishing and hunting, are not permitted on Walker Cottonwood Farms' property, because these activities are not "incidental to the navigable character of the [river] and its enjoyment as an avenue of commerce." La. Civ. Code art. 456 cmt. (b).

### C. 42 U.S.C. § 1983 and probable cause

A police officer may arrest a person if the officer has probable cause to believe that person committed a crime. *Tennessee v. Garner*, 471 U.S. 1, 7 (1985); *see also* La. Code Crim.

Proc. art. 213.[11] The United States Supreme Court has explained that "probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

Louisiana courts have explained probable cause as the following:

> Probable cause to arrest exists when the facts and circumstances within the officer's knowledge are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime . . . . The determination of probable cause, although requiring something more than bare suspicion, does not require evidence sufficient to support a conviction. Probable cause, as the very name implies, deals with probabilities . . . . The determination of probable cause, unlike the determination of guilt at trial, does not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the available evidence supports a reasonable belief that the person to be arrested has committed a crime . . . . The determination of probable cause involves factual and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act.

*State v. Simms*, 571 So.2d 145, 148-49 (La. 1990).

Magistrate Judge Kirk found that Sheriff Shumate arrested the Plaintiffs for trespassing without probable cause "because the sheriff should have known that the plaintiffs were legally authorized to be upon the waters." [Doc. No. 82, p. 28].

The Court disagrees with Magistrate Judge Kirk's finding. As discussed above, the Second Circuit, La. Civ. Code art. 456, and Louisiana jurisprudence have not allowed fishing or hunting on privately owned banks of navigable waters because these activities are not incidental

---

[11]The constitutional torts of false arrest, unreasonable seizure, and false imprisonment also require a showing of no probable cause. *See Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001).

to the navigable character of the stream and its enjoyment as an avenue of commerce. Therefore, the Court concludes that Sheriff Shumate had probable cause to arrest the Plaintiffs for trespassing in violation of La. Rev. Stat. 14:63.

## III. CONCLUSION

Based on the foregoing, the Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the findings and conclusions set forth in the Magistrate Judge's Second Report and Recommendation [Doc. No. 82].

The Court ADOPTS the Magistrate Judge's recommendation to the extent 33 U.S.C. § 10 and the federal navigational servitude do not provide the Plaintiffs with the right to fish and hunt on the Mississippi River.

The Court also ADOPTS the Magistrate Judge's recommendation to the extent that Walker Cottonwood Farms' property is a bank of the Mississippi River. The Court also ADOPTS the Magistrate Judge's recommendation to the extent that Sheriff Shumate is not entitled to qualified immunity and the Plaintiffs are not entitled to an injunction against Sheriff Shumate enjoining him from enforcing Louisiana trespass laws.

To the extent that Magistrate Judge Kirk found a federal common law right to fish and hunt over the privately owned lands of Walker Cottonwood Farms property when it is periodically flooded by the Mississippi River, the Court DECLINES TO ADOPT the Magistrate Judge's recommendation.

Also, to the extent that Magistrate Judge Kirk found that the Plaintiffs have a state law right to fish and hunt on Walker Cottonwood Farms' property, when it periodically floods from waters of the Mississippi River, the Court DECLINES TO ADOPT the recommendation, and the

Plaintiffs' motion for partial summary judgment is DENIED.

To the extent Magistrate Judge Kirk found that Sheriff Shumate lacks probable cause to arrest the Plaintiffs for trespass in violation of La. Rev. Stat. 14:63 for fishing and hunting on privately owned banks of the Mississippi River, the Court DECLINES TO ADOPT the Magistrate Judge's recommendation, and Sheriff Shumate's cross-motion for summary judgment is GRANTED.

MONROE, LOUISIANA this 29th day of August, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE